STATE of Oklahoma, ex rel., OKLAHO-
MA BAR ASSOCIATION,
Complainant,

v.

Frederick A. SMITH, Respondent.

No. SCBD 2945.
OBAD 653.

Supreme Court of Oklahoma.

April 24, 1984.

## OPINION

SIMMS, Vice Chief Judge:

Respondent, Frederick A. Smith, was disbarred by order of the Supreme Court of the State of New Mexico, on February 13, 1984. The order of disbarment provided that Smith was convicted of the federal crime of making false statement in an application for a passport in violation of 18 U.S.C. § 1542 (1982) and recited that other disciplinary proceedings were completed wherein Smith was found to have neglected legal matters entrusted to him by a number of clients after having charged excessive fees. A certified copy of the New Mexico order was forwarded by General Counsel of the Oklahoma Bar Association to this Court, pursuant to Rule 7.7, Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A.

Rule 7.7 provides:

"DISCIPLINARY ACTION IN OTHER JURISDICTIONS AS BASIS FOR DISCIPLINE. When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another state or by a Federal Court, the General Counsel of the Oklahoma Bar Association may cause to be transmitted to the Chief Justice a certified copy of such adjudication and the General Counsel shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he has, why he should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described. The lawyer may submit a certified copy of the transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The lawyer may also submit, in the interest of explaining his conduct or by way of mitigating the discipline which may be imposed upon him, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline."

Show cause order was issued to Respondent directing him to appear before this Court to offer reasons, if any he had, why he should not be disbarred pursuant to the aforesaid Rule 7.7. From the records of the Marshall of the Oklahoma State Supreme Court, Smith was apparently served with the show cause order by regular mail at his last known address in Tulsa, Oklahoma. Respondent failed to appear at the time specified in the show cause order and has failed to file any pleadings in response to the order to show cause.

Respondent is therefore Ordered **DIS-BARRED.**

All the Justices concur.